Good morning, Your Honors. Vince Bronco, Federal Defenders, on behalf of Ms. Auble. Ms. Auble was denied her right to a fair trial because she has jointly tried with the co-defendant, Mr. Thompson. The jury should never have heard evidence of Mr. Thompson's out-of-court statement placing Ms. Auble in the load vehicle crossing into Mexico at midnight. The jury should never have been permitted to hear evidence of Mr. Thompson's smoking pipe and a substance believed to be marijuana. And the jury should have been able to hear Ms. Auble's explanation of why she didn't question Mr. Thompson when he woke her up at 3.30 in the morning to come back across the border, and that is that he had been physically abusive to her in the morning. These were powerfully incriminating against Ms. Auble. One of the foundations of the government's case was that it was unbelievable or unreasonable for someone to enter Mexico at midnight and come back 3.30 hours later unless the sole purpose was to smuggle drugs in the United States. Mr. Thompson's statement that Ms. Auble was in the vehicle when it crossed was the only evidence in the government's case that placed Ms. Auble in the vehicle. So it directly pointed a finger saying Ms. Auble's in the vehicle was re-entering there. Wasn't she driving it? Yes, she was. But I think the case takes on a completely different tone. If all you have is a driver of a vehicle, the vehicle's registered to inconsistent statements by Ms. Auble. She may not have needed to testify in that circumstances because the government's case would have been so weak. All they would have had is driver. But because of the statements of Mr. Thompson, placing her in the vehicle actually when it was crossed, I mean, defense counsel in closing argument could have argued anything without these statements, such as Mr. Thompson came to Mexico and picked her up, and the government can't prove that she was with him and her children were with him when he crossed that vehicle in New Mexico. So the case takes on a totally different circumstance if those statements of Mr. Thompson aren't there. And it's obvious that these statements are hearsay and would not have been permitted at a different trial. The government cites cases such as this. Counsel, what statements would not have been, if they were tried separately, the fact of who was in the car would not have been admissible? The government would not have been able to get in Mr. Thompson's out-of-court statements saying that Ms. Auble was in the vehicle because he was not, obviously he would not have testified at a case against Ms. Auble. I know. Also, well, he had a case pending and obviously he exercised his right to remain silent at his own trial. If it was separate trials where she was separately on trial, they could have brought in his statement. They could have asked him to come testify against her. Well, there's no evidence that he would have done that because he could have invoked his right to remain silent, which he did at his own. They could have offered him a deal for the charges against him. That's just speculation. Well, the most obvious, what isn't speculation is they wouldn't have been able to get his out-of-court statement in, which they did in this trial. I read your brief to be complaining about a different statement, the statement that was inconsistent, that he said he had gone across at one point, but the TAC plate said that he had actually gone across at a different time. I think that's the government's argument that that was the sole purpose of introducing it for this inconsistency. And where that fails is even the inconsistency, the point is that he changes his story and says she is in the car at midnight. So it's still, even though there's a change and that does impeach him, but it doesn't impeach or call into the credibility of Ms. Auble in any way and would not be admissible against her. Your brief says, here the government introduced statements of Mr. Thompson and exploited the perceived inconsistencies in these statements. That's what the basis of the argument is. And the other thing about this brief that I thought was odd is you don't really, in this whole section, it doesn't really say precisely what statements you're complaining about, but you do say it's the inconsistent statements. Well, I was not the author of the opening brief, but in the reply brief, I think it does make clear. What's the rule on that? Well, we raised the issue in the opening brief, the entire statements there, it was preserved below. Maybe it could have been better articulated in the opening brief, but it wasn't articulated in some way. But moving on to the evidence of Mr. Thompson's possession of the smoking pipe and material that the agent believed was marijuana. Counsel, could you point specifically in the reply brief where you say you clarify that what you're complaining about is the identification of Ms. Auble as the passenger? Page 12. Without the evidence of Mr. Thompson's marijuana possession and statements which placed Ms. Auble as the passenger, the government had a weak case against Ms. Auble, and that is in the severance section. That is one place. That was your severance argument. And this is, I mean, I think it applies to both, but it definitely, as far as the severance, and that's why I'm trying to talk about all three of the issues. And the second one is I don't think there's much dispute that Ms. Auble did make a 403 objection that this evidence shouldn't have come against her, and it's obvious at a separate trial there's no way that Mr. Thompson's possession of a substance believed to be marijuana and a smoking pipe would have come in against her. So I think that's clear. Didn't the judge not let the evidence of the marijuana come in? He struck the field test, but the agent was still allowed to testify based on his training and experience. He believed the substance to be marijuana. Didn't the judge offer to give a limiting instruction, which was refused? I don't think it was refused. I think there was... Obviously the lawyer didn't remember to raise it at the appropriate time. I agree with that, but again, if you're looking at the severance, just because we forgot to ask for a limiting instruction at this trial wouldn't have made it admissible at a second trial. There's no ground for this evidence to be admissible against Ms. Auble. But the point is the court giving a limiting instruction would obviate the prejudice. Well, we would still be here arguing that no limiting instruction could have obviated the prejudice in this circumstance, particularly when the government used this during their closing argument and said, he's got this marijuana pipe and smoking material. Why doesn't she point the finger at him? She had to know about it because she was with him all day. So even though a limiting instruction, the judge said he would give one, it wasn't offered, the government still used it for the improper purpose in this case. And in a separate trial, limiting instruction wouldn't be an issue. The evidence simply would not come in. Well, explain to me how their defenses were mutually exclusive, that is how her defense would, it was either going to be one of the two of them that would be found guilty. That's not the only test, Your Honor. Also the test is under Zafiro, is if there's evidence coming in against one defendant that shouldn't be, and there's evidence that you can't, exculpatory evidence that you can't present, that also calls for a severance. And that leads to the final issue is Ms. Abel wasn't allowed to introduce testimony explaining why she didn't question Mr. Thompson when he woke her up at 3.30 in the morning to come back across. Prior to trial, Ms. Abel told the district court that she would be offering this evidence that she was abused to explain this exact thing. The district court said he would allow it. But when it came time for this testimony, co-defendant counsel objected, and the district court didn't let it in. So she was denied the right to present exculpatory information to her defense. Are you saying that that rose to the level of a constitutional deprivation? Yes, it's a right to present your defense, and in particularly when you're looking at the multiple things that happened in this case, that the jury is hearing evidence that should not come in, and she's not allowed to present evidence that should come in. That is why the district court should have realized, and the only way she could have gotten a fair trial was to be tried separately. I see my time is up. Let me just ask you one more question. Would you articulate that argument a little further? So the evidence that she's separate abuse, from that you would have argued that she was forced to go with him in the car back across the United States? No, and I'll try to put this in context. One of the things the government was arguing in closing argument, and one of the things you obviously needed to explain because they're crossing at 3.30 in the morning, is her testimony was Mr. Thompson came and woke her up in the hotel at 3.30 in the morning, and she just went with him. And the prosecutor made a great deal, well, why didn't she question him? And the answer to that is because he'd been physically abusive to her in the past. So when she comes up, wakes her up in the morning, in the middle of the night essentially, she goes with him because of the past abusive relationship. How is it relevant if it's not a defense of compulsion or she was forced to go? Because, I mean, obviously the government argued an inference of guilt because she didn't question it, and that explains why she wouldn't. It's exculpatory as to why she would just go along, where the government says she had to have known because she didn't even question him when he wakes her up in the middle of the night. Thank you very much, counsel. Good morning. May it please the Court. Christopher Chinorio for the United States, the appellee in the present case. Your Honors, not only was this the statement in question from Mr. Thompson, the defendant, the co-defendant, not used against Ms. Oppel, it wasn't even used against Mr. Thompson. It's very clear that the only reason of his prior statement that he had entered Mexico at 5 o'clock was brought out was to contrast that with the admissible evidence that the vehicle had crossed at midnight. Now that's significant because of, for the following, one, Bruton does not apply, but neither does Crawford, because what we have here is non-hearsay. It is absolutely irrelevant to the conviction of both Mr. Thompson and Ms. Oppel when they entered Mexico. What is relevant is when they tried to enter the United States with marijuana in the vehicle. Why was the evidence even brought up if it's not relevant? Because, as the courts were, the case against Mr. Thompson was very weak. All that we had was an inconsistent statement and perhaps the pipe on his person, and that's it. The reason it was brought up was to show his consciousness of guilt. So it was brought, it was evidence against him? Absolutely. Okay, I thought you said it wasn't offered against him. It wasn't, the truth of the matter was not used against him. What about the severance issue, though? Opposing counsel was saying that the prejudice was awful. If there's any prejudice to this case, it was obviously to Mr. Thompson. Mr. Thompson was convicted, and not until after the conviction came down was the Rule 29 granted. So he was the one prejudiced by guilt by association. But it's important to note that had these been severed, the evidence that would have come in would have been essentially the same. Now, the hearsay statement, that's hearsay, so it was not, it's not that it was, it would not have been precluded due to Bruton. But also... How would the evidence regarding the co-defendant's statement have come in if there was a trial of Ms. Alba? Well, it probably wouldn't have because it wouldn't have been relevant. What would have come in was the admissible evidence of the text, the treasury database that showed the vehicle came in at midnight. But that wouldn't have put her in the car previously. Right. It would not have. It would have put that car in. And again, our argument was it wasn't as important when they went in, but when they came out. However, it is important to note that had she, had they been severed and she still testified and gave evidence contradictory to what Mr. Thompson had said, it's possible that Mr. Thompson's statement still could have been admissible because that provides the same set of circumstances that came out in Tennessee v. Street in which the co-defendant's statement was used as rebuttal to contradict the defendant's statement. And the point being that it is attenuated. It does not directly implicate. There's nothing that shows guilt just by saying they went in at this certain hour. The only reason that it's relevant is by tying it with further evidence for Mr. Thompson that contradicts when the vehicle actually entered. And that's all. It was consciousness of his guilt. That is the part of the argument of your opposing counsel that I wasn't quite following because the crime is entering or coming in with the marijuana, not taking the car out. Correct. Correct. So it's exactly that. It adds nothing to the, to his knowledge or Ms. Auble's knowledge or either their intent what time they went in. It's only relevant because Mr. Thompson brought it up and it happened to be wrong. And that's it. And I think it's important to note that despite the fact that the government relied on that inconsistency as evidence against Mr. Thompson, the district court held that that's not enough. So not only is it not prejudicial, it's legally insufficient for guilt of even Mr. Thompson, much less to the co-defendant in a spillover effect. Does the government have the right to appeal a grant of a judgment of acquittal? I believe it did. I believe it did. We chose not to in this case. I think we stated our case before the district court. And in this case, we can see that it was a correct, a correct evaluation of the evidence against him. I think the pipe, I think it's important to mention about the pipe that that was brought in. Again, it was the only, the second of only two parts of the evidence that was used against Mr. Thompson. Ms. Auble on direct examination brought up the pipe. She was asked, were you there when this pipe was found? And she said yes. Her attorney brought it up, forgive me. It was raised, were you there when this was found? And it's in the supplemental ER at page 38. And she said yes, there was a pipe that was found on him. But for the fact that she had brought that up in direct, it would not have been mentioned by the government. In closing, it was raised, pointed out by appellate, that the government uses it as evidence of her guilt. It doesn't, it doesn't, the government did not say because Mr. Thompson had a pipe, they were using marijuana and therefore she knew that she was carrying it. What it brought up was that if she said she saw the pipe, why didn't that raise any issues of question? Why didn't she question Mr. Thompson about it? And if you go through that part in the closing, it goes through a whole litany of what Ms. Thompson said about the use of their marijuana. Why weren't you suspicious of this unknown man? So, but for the fact that she raised it, it would not have been brought up at all. So in the severance, if there had been a severance, there would still have been evidence of when they went in to Mexico through the text, albeit it probably would not have because it did not add anything to the guilt. And the pipe would not have been brought in, but again, that doesn't add anything to the equation. I think it's important to note that appellate concedes that Bruton does not apply, but that Crawford does. There shouldn't be any distinction in this case. Both of the cases apply confrontation clause analysis. And Crawford specifically says, specifically upholds both Bruton and Tennessee versus Street. And the progeny of the cases after Bruton show that when there's attenuated evidence, when it takes something else to put that in context of why we brought in the statement, that does not provide a Bruton problem. It does not provide a confrontation clause problem. And likewise, in this case, it did not. It's also important to note that not only did the government never use the time when they went into Mexico to implicate Ms. Auble, but that Ms. Auble also in her own direct testimony contradicted the statement itself. Mr. Thompson said, yes, we got into San Diego at about 5 o'clock. Ms. Auble testified, we got into San Diego about 1030 at night and went in at midnight. So it obviously was not any obstacle for her to provide the account that she did. In fact, if anything, his statement, not only was it not a confession, but it assisted her. He denied knowledge and he did not implicate her as to knowledge or intent at all. Counsel, what was your citation to the records regarding the fact that Ms. Auble brought up the time zone? That was at the supplemental ER at page 38. Now, that was direct examination? Yes, it was. And I mentioned it in our brief inside the exact language. Who was Ms. Reagan at the trial? That was the defense counsel. Why would defense counsel on page 39 be objecting? I don't know. This is direct examination. On page 14 of the government's response brief, page 14 to 15, she was asked by her own counsel, were you there when they found anything that Donald had? She said, yes, I was. And did you see that? Yes, I did. And what did you see? A smoking pipe. It doesn't show exactly who's asking the questions on SCR 38. It doesn't have the lawyer's name on there. But then on page 39, it has Ms. Reagan making an objection, which leads me to believe this is cross-examination as opposed to direct examination. Well, we submit that it was not. I don't have the full transcript, but this is what we quoted from there. There was no need to ask Ms. Reagan, excuse me, Ms. Abel, about that on cross-examination. And, again, the only reason it was brought up was to contradict why this and other issues were not suspicious to her or why she would deny that they were suspicious. So, finally, whether or not there is, and I see my time's about up, whether or not the statement came in, no instruction was necessary because this was not hearsay, the original statement was not hearsay, and the following statement regarding when they actually came in was admissible evidence that could have been brought up even at a separate trial. Thank you. All right. Thank you, counsel. Thank you both. Thank you, counsel. That was a nice argument. I was asked to wear my reply brief that I spelled out. Sure. Did you answer that? Yes, but it's also on page six. Okay. Thank you. U.S. v. Abel will be submitted and will...
judges: Wardlaw , Rawlinson,cebull